# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>              Plaintiff,<br><br>       v.<br><br>MORALES, *et al.*,<br><br>              Defendants. | Case No.  1:24-cv-01113-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff David W. Wilson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on September 19, 2024, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

///

///

1

1  physical injury."[1]  Plaintiff has previously been notified that he is subject to § 1915(g).[2]

2  The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy
3  the imminent danger exception to section 1915(g).[3]  *Andrews v. Cervantes*, 493 F.3d 1047,
4  1053−55 (9th Cir. 2007).  In the complaint, Plaintiff alleges that on July 22, 2023, he requested
5  building officers to remove black dust from inside the exhaust ventilation in CSATF B-Facility
6  Buildings 1, 2, and 3 with an industrial blower because the black mold and dust seen in those
7  buildings creates a serious risk of physical harm that's dangerous and unsafe for humans.  (ECF
8  No. 1, p. 4.)  Plaintiff filed a grievance for the above issue on July 27, 2023, and his claim was
9  denied.  Plaintiff states the following injuries: "Coughs on-going & Sore Throats,
10 Lungs/Breathing issues" for Plaintiff and all remaining at CSATF B-Facility from the toxic
11 environment and "Sick Bldg. Syndrome."  (*Id.*)

12 "Imminent danger of serious physical injury must be a real, present threat, not merely
13 speculative or hypothetical."  *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4,
14 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Wilson v. Tilton*, Case No. 2:06-cv-01031-LKK-PAN (E.D. Cal.) (dismissed on September 12, 2006 for failure to state a claim); (2) *Wilson v. Schwartz*, Case No. 2:05-cv-01649-GEB-CMK (E.D. Cal.) (dismissed on October 31, 2006 for failure to state a claim); (3) *Wilson v. Dovey*, Case No. 2:06-cv-01032-FCD-EFB (E.D. Cal.) (dismissed on March 8, 2007 for failure to state a claim); (4) *Wilson v. Veal*, Case No. 2:06-cv-00067-FCD-KJM (E.D. Cal.) (dismissed on June 4, 2007 as frivolous and for failure to state a claim); (5) *Wilson v. Kernan*, Case No. 2:07-cv-00616-GEB-EFB (E.D. Cal.) (dismissed on January 23, 2008 for failure to state a claim); (6) *Wilson v. Dovey*, Case No. 2:06-cv-02553-JKS-EFB (E.D. Cal.) (dismissed on March 11, 2008 for failure to state a claim); (7) *Wilson v. Cal. Dep't of Corrs. & Rehab.*, Case No. 2:06-cv-01391-FCD-EFB (E.D. Cal.) (dismissed on August 11, 2008 for failure to state a claim); (8) *Wilson v. Zafra*, Case No. 2:06-cv-01577-FCD-KJM (E.D. Cal.) (dismissed on October 31, 2008 for failure to state a claim); (9) *Wilson v. Kernan*, Case No. 2:07-cv-00352-MCE-EFB (E.D. Cal.) (dismissed on January 21, 2009 for failure to state a claim); (10) *Wilson v. Dir. of Adult Insts.*, Case No. 2:08-cv-02904-WBS-GGH (E.D. Cal.) (dismissed on April 24, 2009 for failure to state a claim); (11) *Wilson v. Fitter*, Case No. 2:09-cv-01162-DDP-RNB (C.D. Cal.) (dismissed on September 30, 2010 for failure to state a claim).
The Court also takes judicial notice of the following United States Court of Appeals cases: (1) *Wilson v. Curiel*, Case No. 08-56857 (9th Cir.) (dismissed on April 14, 2009 for failure to pay the filing fee after finding the appeal was frivolous); (2) *Wilson v. Cal. Med. Facility*, Case No. 21-15237 (9th Cir.) (dismissed on October 14, 2021 as frivolous).

[2] *See, e.g.*, *Wilson v. Cal. Dep't of Corrs. & Rehab.*, Case No. 08-16899 (9th Cir. Feb. 26, 2009) (denying request for leave to proceed *in forma pauperis* after finding that plaintiff has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted); *Wilson v. Curiel*, Case No. 2:08-cv-05162-UA-RNB (C.D. Cal. Oct. 2, 2008) (same); *Wilson v. Paramo*, Case No. 3:11-cv-01905-LAB-WVG (S.D. Cal. Sept. 27, 2011) (same); *Wilson v. Hampson*, Case No. 1:22-cv-00897-JLT-CDB (E.D. Cal. Aug. 23, 2022) (same).

[3] The Court expresses no opinion on the merits of Plaintiff's claims.

ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

The allegations in the complaint are vague and conclusory as to any threat of imminent serious physical injury. Despite alleging that he and others suffer from coughs, sore throats, and sickness due to black dust and other pathogens in the building, Plaintiff has not plausibly alleged that there is a connection between the dust and his symptoms, or that he is at risk of a "serious" physical injury. While the Court takes Plaintiff's well-pleaded factual allegations as true, the Court is not required to accept Plaintiff's conclusory statements regarding the use of black dust or biological substances and environmental contamination to cause the extinction of lifers or cause a genocide among African American or Mexican/Hispanic inmates. (ECF No. 1, p. 6.) Moreover, the Court notes that Plaintiff began complaining of the black dust more than a year prior to filing the complaint, and alleges no injuries more serious than a cough and sore throat during that time.

Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

3

**fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 24, 2024**          /s/ Barbara A. McAuliffe          
                                           UNITED STATES MAGISTRATE JUDGE