**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID W. WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>MORALES, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-01113 JLT BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 14)<br><br>ORDER DIRECTING PLAINTIFF TO PAY THE FILING FEE WITHIN 21 DAYS |

David W. Wilson is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court ordered Plaintiff to pay the filing fee in full to proceed with this action, after finding Plaintiff is subject to the three strikes bar of 28 U.S.C. § 1915 and did not demonstrate imminent risk of serious physical injury. (Doc. 13.) Plaintiff now seeks reconsideration of the Court's order. (Doc. 14.)

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted). Federal Rule of Civil Procedure 60(b) governs the reconsideration, and permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence …; (3) fraud … of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied … or (6) any other reason justifying relief from the operation of the

judgment." Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted).  Further, Local Rule 230(j) requires a moving party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff asserts that reconsideration is necessary "to correct error or prevent manifest injustice." (Doc. 14 at 3.)  He contends the "[m]otion is based on [his] 6 page Objection to Magistrate Judge's Findings and Recommendations," and he attaches the previously-filed objections as an exhibit.  (*Id.* at 1; *see also id.* at 5-10.)  Thus, Plaintiff maintains that he satisfies the imminent danger exception of Section 1915(g).  (*See generally id.* at 1-3.)

Importantly, Plaintiff's motion rests upon the identical arguments considered by the Court when it performed a *de novo* review of the Findings and Recommendations prior to denying the application to proceed *in forma pauperis*.  (*See* Doc. 13 at 2; *see also* Doc. 12.)  Plaintiff's mere disagreement with the Court's order, without more, is not an appropriate basis for reconsideration. *United States v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision").  Finally, Plaintiff does not present any new or different facts, circumstances, or evidence such that reconsideration of the prior order would be appropriate.  Thus, the Court **ORDERS**:

1. Plaintiff's motion for reconsideration (Doc. 14) is **DENIED**.
2. Plaintiff **SHALL** pay the filing fee within 21 days of the date of service of this order.

**Failure to pay the filing fee as ordered will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:  **November 21, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

2